

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-22,317-20

### EX PARTE JERRY WILSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2010-447-C1D IN THE 19TH DISTRICT COURT
### FROM McLENNAN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in 2010 of two counts of theft and was sentenced to two concurrent terms of seven years in prison. These two seven-year sentences were stacked on a prior twenty-year sentence for unauthorized use of a motor that was imposed in 1991.

Applicant states that he was released to parole or mandatory supervision on the prior UUMV sentence, that the twenty-year sentence has discharged, but that prison officials are not considering the sentence to have discharged. Applicant therefore claims that the discharge dates on the two

seven-year theft sentences that were stacked on the UUMV twenty-year sentence are not being correctly calculated. Applicant states that he has attempted to resolve the issue by exhausting it with prison officials but has not received a response for over 180 days. *See* TEX. GOV'T CODE § 501.0081; *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000). There is no affidavit in the habeas record regarding the time calculations made by prison officials.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to respond to Applicant's claim that prison officials are not considering the prior UUMV sentence to have discharged and that the discharge dates on the stacked seven-year sentences are being improperly calculated. The affidavit should also indicate whether Applicant has submitted his claim to the time credit resolution system, and if so, the date when the claim was submitted.

To resolve the issues, the trial court may obtain an affidavit or it may order depositions, interrogatories or hold a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding Applicant's claim, and the trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 20, 2014
Do not publish